CARLISLE v. COLUSA COUNTY.

(Circuit Court, N. D. California. April 10, 1893.)

COPYRIGHT—SUBJECT OF—ASSESSORS' STATEMENTS.

There can be no copyright in any particular arrangement of the matter which the California Code requires the assessors to deliver to each person as a blank form of property statement, for the assessors should not be embarrassed in the performance of their duties by any distinctions of convenience of forms prepared by private persons.

In Equity. Suit for infringement of a copyright. On demurrer to the bill. Sustained.

Myrick & Deering, for plaintiff.
Pringle, Hayne & Boyd, for defendant.

McKENNA, Circuit Judge, (orally.) This is an action for an infringement of a copyright for a form of a blank statement which the Political Code requires the assessor to exact of each person. The bill sets out the copyright's form and the alleged infringing form. They are substantially alike; but respondent demurs to the bill on the ground that complainant's form is not entitled to a copyright. Section 3630 of the Political Code requires the board of supervisors to furnish the assessor with blank forms for the

statements of property which section 3629 requires him to exact from each person. This section mentions by general description the kind of property the statement must show, and concludes with the comprehensive direction that it must also show "all other facts required by the state board of equalization or by the assessor." Other sections of the Code also give directions as to property and the manner of its assessment, and a blank form of assessment roll is given. It is not contended by complainant that his form is a "book," in the common acceptation of the term, or that it has any literary merit. His only claim is that he has put the requirements of the Code, which is claimed to be common material, in a convenient form, by "skill, labor, and knowledge," to quote his language. That the form is convenient may be admitted, but whether more convenient than any other form which may be made in conformity to the Code is not stated, nor is it apparent how much skill and legal knowledge were required or exerted other than what were necessary to read and understand the Code. But surely these are not so rare that they deserve to be encouraged and rewarded by a monopoly.

But the materials are not common. The law requires the board of supervisors to furnish the blank form, and, if one convenient form can be copyrighted and monopolized by the complainant, other convenient forms can be copyrighted and monopolized by others, and the board of supervisors of the counties of the state will be in the anomalous position of being unable to perform their legal duties legally. This is not an extreme statement of complainant's claim. The degree of merit of the copyrighted matter the law is not concerned with. Any is legally enough. To use it or not use it is voluntary on the part of the public. But the supervisors must furnish forms. It is their duty, and it seems to me it cannot be embarrassed by distinctions nice or broad of convenience of forms prepared by private persons. I do not think authors will be encouraged by such a copyright.

The demurrer is therefore sustained.